480 Park Ave. Corp. v Raffaele Caruso Spa (2021 NY Slip Op 07086)





480 Park Ave. Corp. v Raffaele Caruso Spa


2021 NY Slip Op 07086


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 152394/18 Appeal No. 14896 Case No. 2021-01904 

[*1]480 Park Avenue Corp., Plaintiff-Appellant,
v
Raffaele Caruso Spa, Defendant-Respondent.


Fox Rothschild LLP, New York (Joshua Kopelowitz of counsel), for appellant.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 16, 2020, which, to the extent appealed from as limited by the briefs, denied plaintiff landlord's motion for summary judgment awarding it a sum stated and referred the matter to a judicial hearing officer/special referee to calculate damages against defendant guarantor, less the portion of the nonparty tenant's letter of credit held by plaintiff as security, unanimously affirmed, without costs.
Supreme Court properly found that the doctrine of collateral estoppel did not preclude litigation of whether plaintiff, having drawn down on the nonparty tenant's letter of credit, was required to apply the entire amount to the rental arrears, and correctly determined that plaintiff was not permitted to retain a portion of the letter of credit as security. Plaintiff failed to establish that the issues raised in the nonpayment proceeding before Civil Court are the same as the issues raised in this action (Kaufman v Eli Lilly and Co ., 65 NY2d 449, 456 [1985]). The issue initially presented in the nonpayment proceeding was whether plaintiff was required to draw down upon the tenant's letter of credit and apply it to rental arrears prior to recovering damages. However, the pertinent issue in this case is whether plaintiff was required to apply all portions of the letter of credit to the rental arrears when it had already drawn it down, and not retain a portion as a security deposit. Plaintiff does not point to any provision of the lease that permits retaining a portion of the letter of credit as security. On the contrary, section 3.4 of the lease provides that plaintiff could draw on the letter of credit only "to the extent required for the payment of any amounts owed by Tenant."
Defendant guarantor met its burden of establishing that it, or the nonparty tenant with which it is in privity, did not have a full and fair opportunity to litigate the relevant issues in the prior proceeding (Kaufman , 65 NY2d at 456). Plaintiff did not inform Civil Court that it had drawn upon the tenant's letter of credit and retained $400,000 of those funds as a security deposit until after the parties had fully briefed the summary judgment motion in that proceeding.
The court also properly referred the matter to a JHO or special referee to calculate plaintiff's damages.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021